UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALVADOR EDGAR MEDRANO MARQUEZ, | No.  1:26-cv-02181-DAD-CSK |
| Petitioner, | |
| v. | ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT |
| CHRISTOPHER CHESTNUT et al., | |
| Respondents. | (Doc. Nos. 1, 2) |

On March 19, 2026, petitioner, proceeding with the assistance of counsel, filed a petition for writ of *habeas corpus* and motion for temporary restraining order.  (Doc. Nos. 1, 2.)  On the same day, the court issued an order directing respondents to file an opposition to the pending motion in which respondents indicate whether this case is substantively distinguishable from the court's prior order in *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025).  (Doc. No. 4.)  On March 20, 2026, respondents filed an opposition to the pending motion.  (Doc. No. 7.)

Respondents' argument advanced in their opposition is two-fold:  (1) petitioner is lawfully detained under 8 U.S.C. § 1225(b)(2); and (2) alternatively, if the court rejects this argument, then the proper remedy is an individualized bond hearing before an immigration judge pursuant to § 1226(a).  (*Id.* at 1, 4.)  Respondents have argued that this case is distinguishable from *Ayala*

1

*Cajina* because petitioner repeatedly violated the terms of his release with respect to reporting and was never assured by DHS that he was entitled to less restrictive monitoring measures. (*Id.* at 3.) On March 23, 2026, petitioner filed a reply to respondents' opposition. (Doc. No. 8.) Therein, he urges the court to promptly order a bond hearing before an immigration judge where respondents will bear the burden of justifying his continued detention. (*Id.* at 8.) Both parties have indicated that they are amenable to the court resolving the underlying merits of the petition for writ of *habeas corpus* based on the briefing currently before the court. (Doc. Nos. 7 at 5; 8 at 9.)

Petitioner is a native and citizen of El Salvador. (Doc. No. 1 at ¶ 2.) He entered the United States in 2003 without inspection or admission. (Doc. No. 7-1 at 2.) In 2013, petitioner was detained by immigration officials for approximately 15 days after being arrested for driving under the influence. (*Id.*; Doc. No. 1 at ¶ 36.) He was subsequently released into the United States with an ankle monitor and enrolled in the Intensive Supervision Appearance Program ("ISAP"). (*Id.*at ¶ 37.) Petitioner was previously ordered removed, but the immigration judge's decision remains pending before the Board of Immigration Appeals. (Doc. No. 7-1 at 5.) On August 23, 2025, petitioner was re-detained by Immigration and Customs Enforcement officials. (*Id.* at 3.) Respondents argue that petitioner was re-detained for missing multiple mandatory check-ins. (Doc. No. 7 at 2.) Petitioner contends that he has always been fully compliant with the terms supervision and stopped receiving dates to check-in with ISAP officials from May to August 2025. (Doc. No. 1-2 at 20.) There is no indication that petitioner was provided advanced notice of his re-detention.

Having considered the circumstances surrounding petitioner's detention and the parties' arguments therein, the court adopts the reasoning in *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221, at *3–5 (E.D. Cal. Dec. 4, 2025), where the court held that respondents' re-detention of the petitioner for purported ISAP violations under similar circumstances violated due process but the appropriate remedy was a bond hearing before an immigration judge.

/////

2

Accordingly,

1.  Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a.  Respondents are ORDERED to provide petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) where respondents will have the burden of establishing, by clear and convincing evidence, that petitioner's continued detention is justified because petitioner is either a flight risk or danger to the community and to do so within ten (10) days of the service of this order.

2.  Petitioner's motion for temporary restraining order (Doc. No. 2) is denied as having been rendered moot by this order; and

3.  The Clerk of the Court is directed to ENTER judgment in favor of petitioner and CLOSE this case.

IT IS SO ORDERED.

Dated:    **March 24, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE